IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANE SLUSSER,

Plaintiff,

vs.                                                                 No. CIV-06-1193 JH/WDS

VANTAGE BUILDERS, INC.,

Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Plaintiff's Emergency Motion for Protective Order or Stay (Docket No. 89). The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Motion should be granted. The court makes the following findings and recommended disposition.

### PROCEDURAL HISTORY

In December 2006 Plaintiff filed a complaint against Defendant for violations of the Fair Labor Standards Act. Defendant filed a motion for summary judgment on June 7, 2007. That motion was granted on February 6, 2008. Judgment against the Plaintiff was entered on February 7, 2008, and Defendant's opposed motion for a bill of costs was filed that same day. On March 20,

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2008 the clerk of the court entered an order taxing costs against Plaintiff and in favor of Defendant in the amount of $2,106.71. Meanwhile, Plaintiff filed a notice of appeal with the Tenth Circuit on March 11, 2008. That notice of appeal was dismissed on June 3, 2008 for lack of jurisdiction.

On June 16, 2008 Defendant applied for a writ of garnishment, asserting that it, as Judgment Creditor, had a "judgment for costs" against Plaintiff in the amount of $2,106.71. Defendant's application referenced the clerk's order taxing costs against Plaintiff. A writ of garnishment was issued to Plaintiff's employer on June 18, 2008. On the same day, Plaintiff filed this motion for a protective order, raising the issue of whether an order taxing costs constituted a "judgment" that would support Defendant's application for writ of garnishment. After briefing by the parties, the Court heard oral argument of the motion on June 25, 2008.

## DISCUSSION

The facts are undisputed. Judgment was entered in this case on February 7, 2008, in favor of the Defendant. The Clerk's Order Settling Costs was filed on March 20, 2008. Although either party could have applied for Court review of the order within five days, no such application was made. Nor did Plaintiff pay the costs, and on June 16, 2008, the writ of garnishment was issued by the Clerk without further judicial action. The issue before the Court is whether execution by way of a writ of garnishment may be made upon the Clerk's Order Settling Costs or whether that Order must be reduced to judgment.

Neither counsel nor the Court was able to find a case directly on point. Counsel for the Defendant cites to the Court 28 U.S.C. §1920 which provides in part that "A bill of costs shall be filed in the case and, upon allowance, **included in the judgment or decree**." (emphasis added) It is Defendant's argument that the order settling costs is collateral to the original judgment and that

2

a second, or amended, judgment is not necessary in order to execute.  Plaintiff argues that the language of the statute supports her position that a second, or amended, judgment is necessary if the Defendant wishes to execute on the order awarding costs.  Plaintiff directs the Court to *Annette Cunningham v. Moore Business Forms, Inc.*, 671 F. Supp 26 (U.S. Dist. Ct. N.D. AL 1987).  In that case the Court granted summary judgment against Plaintiff and delayed consideration of the cost bill until after appeal.  When the original judgment was affirmed the Court held a hearing and entered a separate judgment awarding costs.  The procedure followed by the Court in *Cunningham* appears to support Plaintiff's position, although admittedly that case did not concern the issue presented by this case and does not hold that a judgment for costs is essential before garnishment can take place.

   In this case the Final Judgment dismissed Plaintiff's claims.  In its application for writ of garnishment Defendant stated that it had a "judgment for costs" against Plaintiff, but that was not really true.  Defendant had a judgment dismissing Plaintiff's claims against it, but the judgment did not include any monetary award.  28 U.S.C §1920 states that any costs allowed are to be included in the judgment or decree.   In this Court's opinion the way to include the award of costs in the judgment, as required by the statute, is to reduce the order settling costs to a judgment.  Once the judgment on costs is filed, specifying a sum certain, execution can go forward.

    During oral argument Plaintiff urged the Court to exercise its discretion and either reverse the award of costs entirely or require Defendant to accept payments over time.  As this issue was not part of the original motion, it is the Court's opinion that the matter is outside the parameters of the Presiding Judge's Order of Reference.  Considering the issue on the merits, however, the Court does not believe it has any authority to order a judgment creditor to accept installment payments on a judgment.  Further, given that the Plaintiff never requested Court review of the Motion to Tax

Costs, the Court believes that a challenge to the amount of costs awarded has been waived.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Based upon the undisputed facts outlined above, the Court recommends that the Court quash the writ of garnishment as improvidently issued. Once Defendant has obtained a judgment on the Order Settling Costs, it can re-apply for a writ of garnishment based on that judgment.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**